## THE TUXEDO.

## THE S. A. CARPENTER.

(Circuit Court of Appeals, Second Circuit. March 7, 1927.)

Nos. 207, 208.

Collision ⚮96—Ferryboat, leaving slip at slow speed, with proper lookout, held not at fault, in collision with schooner drifting past pier ends.

Ferryboat, going out of slip slowly enough to avoid anything at pier, and with lookout in proper place, *held* not at fault in collision with schooner, drifting down the tide, practically skirting the pier ends, after having lost steerage way because of failure of wind.

Appeals from the District Court of the United States for the Eastern District of New York.

Libel by the Erie Railroad Company against the schooner S. A. Carpenter, her tackle, etc., claimed by George A. Colgan, Jr., wherein George A. Colgan, Jr., filed a cross-libel against the ferryboat Tuxedo, her engines, etc., claimed by the Erie Railroad Company. From a decree dividing damages (275 F. 716), the Erie Railroad Company, as libelant in original suit and claimant in the cross-libel, appeals. Decrees vacated, and causes remanded, with directions.

Henry E. Mattison and Park, Mattison & Lynch, all of New York City, for Erie R. Co.

Horace L. Cheyney and Macklin, Brown, Lenahan & Speer, all of New York City, for Colgan.

Before HOUGH, MANTON, and SWAN, Circuit Judges.

PER CURIAM. The ferryboat, on a fair spring day and in broad daylight, started from her slip in Jersey City, bound for Twenty-Third street, Manhattan. The slip is a deep one, and bounded on the northerly side by a covered pier, which at the outer end is three stories high. The schooner had left a coal dock at Hoboken, and attempted to sail down the North River. The wind failed, or never existed, and she drifted down with the tide, literally skirting the pier ends.

The ferryboat could not see any portion of the schooner until clear of the pier head, and, when clearing, her forward lookout saw the schooner "15 or 20 feet away" drifting down. Engines were immediately reversed, but the schooner's "bowsprit run up on his guard on the forward part of his rail." Both vessels were slightly injured.

The schooner's fault in obstructing the ferryboat's egress from slip was recognized below. (The Breakwater, 155 U. S. 252, 15 S. Ct. 99, 39 L. Ed. 139); but the trial court found the ferryboat also at fault for too great speed and failure to station the forward lookout soon enough. We find no evidence of excessive or unusual speed; the nature of collision negatives that. The steamer was going slow enough to avoid anything at the pier, and that was not flagrantly violating the law. As for the lookout, he was in place before anything could be seen north of the line of slip, and he saw the schooner as soon as any one could see it. The ferryboat was without fault.

The decrees below are vacated, and the causes remanded, with directions to sustain the libel of Erie Railroad Company and dismiss that of Colgan. One bill of costs in this court to the railroad company.